MATTER OF HSU

In Section 248 Proceedings

A-19545838

*Decided by Regional Commissioner April 27, 1973*

Application under section 248 of the Immigration and Nationality Act for a change of nonimmigrant classification from visitor for business to that of a student is denied for failure of applicant to establish that he is a *bona fide* nonimmigrant where he obtained his visa on the pretext that he was coming to this country briefly to conduct business whereas his actual purpose was to seek acceptance to a school for the purpose of an extended period of study, thereby evading the normal visa-issuing procedures for obtaining a student visa.

ON BEHALF OF APPLICANT: Elmer Fried, Esquire
515 Madison Avenue
New York, New York 10022

This matter is before the Regional Commissioner on appeal from the denial of the application for change of nonimmigrant status. The applicant seeks status as a nonimmigrant student in order to continue his studies in English and business administration at Therese Aub Secretarial School in New York City.

The applicant is a 26-year-old native and citizen of China who was admitted to the United States as a visitor for business on August 1, 1972 until October 2, 1972. His stay was limited to two months in accordance with the recommendation of the United States consular officer who issued the visa. The temporary entry permit (Form I-94) issued to the applicant shows that he assured the admitting officer that two months would be adequate for his purpose.

On September 25, 1972 the instant application was filed, supported by a Certificate of Eligibility (Form I-20) issued by the Therese Aub Secretarial School and a bank statement reflecting a total of over $5,000 in the applicant's accounts in New York. The proposed course of study would require approximately three years to complete.

The District Director denied the application primarily for failure

344

to establish adequate funds to fully defray all expenses of the applicant while studying in this country.

On appeal and in oral argument counsel has submitted a new affidavit from the applicant stating that he is now a full-time student at Therese Aub Secretarial School and expects to graduate in November of 1975. He pays $700 per year tuition and now has over $8,000 in a bank in New York. He further advises that his living expenses, exclusive of his tuition, amount to approximately $140 per month and this is broken down by rent, food, transportation, entertainment, and miscellaneous. This amount, together with the tuition, totals about $2,400 per year. Thus, on the surface, it would appear that he has sufficient funds to defray the cost of three years of study in this country. Additionally, he has submitted a letter from his mother in Taiwan, along with English translation, declaring that she would assist him financially if necessary. There is no evidence to indicate that the mother has any funds and could assist the applicant if she wanted to. Counsel is aware of this and stated that it is believed that the funds now in the bank are sufficient.

Upon examining the record, we find that the applicant originally stated that he would be fully supported in this country by "company support and personal saving". He had indicated that he was employed by the "Gigantic Company" of Taipai earning $5,000 per year. He does not state in what capacity he was employed and whether he still receives remuneration from the company. Although he asked for and received a visa which would authorize him to apply for admission to conduct legitimate business, the consular officer obviously had some reservations about his good faith as evidenced by the consular notation on the visa that stay should be limited to two months for business only.

The applicant arrived in this country on August 1, 1972 and reached New York on August 5, 1972. Just two days later, on August 7, 1972, he deposited more than $2,000 in a savings account and more than $3,000 in a checking account. The checking account is understandable if he is conducting business but it appears highly unusual for a businessman who expects to be here only two months to open such savings account. This is particularly true of a man whose living expenses total only $140 per month. Further, there is no evidence that he has actually conducted any business here.

A bank statement shows the average daily balances in his savings account as follows: August—$2,234; September—$2,134; October—$388.89; November—$5,188.89 and a balance of $8,233.89 as of December 15, 1972.

There is no explanation given for the sharp fluctuations in the

bank balances. We are not told for what he is spending and receiving several thousands of dollars over a brief period. If he is actually engaged in legitimate business transactions permitted under his classification as a visitor for business, he has made no effort to enlighten us.

The activities of the applicant support a finding that he was less than candid in his dealings with the American consular officer who issued his visa and with this Service. It appears that he came to this country not to conduct legitimate business for two months but to seek acceptance to a school for the purpose of studying for an extended period of time. Therefore, it follows that he circumvented the prescribed visa-issuing procedures by securing a business visa rather than a student's visa. Perhaps, what the applicant has not told us speaks louder than what he has told us.

In any event, we find that he has not convinced us that he came here as a *bona fide* visitor for business and that he was maintaining such lawful status when he filed the current application. Further, the failure to reveal many material details leads to the conclusion that the totality of the applicant's good faith is subject to doubt and we find that he has failed to establish that he is a *bona fide* nonimmigrant. Accordingly, we find that the denial of the application was the proper decision and the appeal will be dismissed.

*It is ordered* that the appeal be and is hereby dismissed.